UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN BALLOUT,

        Plaintiff,               Case No. 4:20-cv-12962
                                      District Judge Matthew F. Leitman
v.                              Magistrate Judge Anthony P. Patti

SMALL BUSINESS
ADMINISTRATION OF THE
UNITED STATES, *et al*,

        Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR ORDER TO QUASH (ECF NO. 9) AND
DISMISS WITHOUT PREJUDICE PLAINTIFF'S CLAIMS AGAINST
DEFENDANTS FOR FAILURE TO EFFECT TIMELY SERVICE AND
FOR FAILURE TO SHOW CAUSE**

**I.**    **RECOMMENDATION**:  The Court should dismiss Plaintiff's claims

against all Defendants without prejudice for failure to comply with Fed. R. Civ. P.

4 and for failure to show cause.

**II.**    **REPORT:**

    **A.**    **Background**

On November 4, 2020, Plaintiff Benjamin Ballout, individually and as

chairman of Enerkon Solar International, doing business as Enerkon Solar

International, and proceeding without the assistance of counsel, filed this action

alleging violations of the CARES ACT against eleven (11) Defendants: (1) the

Small Business Administration of the United States (SBA); (2) the SBA Processing

Center – Fort Worth, Texas; (3) Jennifer Davis (Advising Counsel to the SBA

Processing Center); (4) Sean Williams; (5) Jessica McCall; (6) Anshul Munjal; (7)

Iris Cuellar; (8) Dawn Allen; (9) Erica Rivera; (10) Christopher Martin; and (11)

Alphonso Olevus (SBA Supervisor).  (ECF No. 1.)  In his complaint, Plaintiff

states:

> (the Plaintiff waives SUMMONS on the Defendants by the United
> States Marshall [sic] Service and shall serve the Defendants on their
> responsibility in accordance with the current rules of federal civil
> procedure and as one of the defendants is a government agency, we
> shall further add to the service of process 1. The United States
> Attorney General in Washington, D.C. and 2. The United States
> Attorney in the Eastern District of Michigan)[.]

(ECF No. 1, PageID.8.)  Judge Leitman referred this case to me for all pretrial

matters on February 25, 2021.  (ECF No. 7.)

## B.    The Court's Order to Show Cause

As more than 90 days elapsed since Plaintiff filed his complaint, and nothing

in the docket indicated completion of service, the Court entered an order on March

5, 2021, requiring the Plaintiff to show cause "**IN WRITING ON OR BEFORE**

**Monday, March 22, 2021**" why the case should not be dismissed for failure to

comply with Fed. R. Civ. P. 4.  (ECF No. 8, PageID.25.)  In particular, Plaintiff

was cautioned that "[i]n the event that [he] fails to establish good cause, the Court

will issue a Report and Recommendation that [his] claims against Defendants be dismissed without prejudice." (ECF No. 8, PageID.25-26.)

On March 22, 2021, Plaintiff filed what has been docketed as his motion for order to quash motion to dismiss for failure to execute service of process, which the undersigned assumes Plaintiff intends to serve as his written response to the show cause order. (ECF No. 9.) In it, he asserts that he executed service in compliance with the Federal Rules because "the next day from filing the action was serve[d] on all defendants in writing via electronic mail and received by all of them and a reply that they will review the file was received by them (the SBA)[.]" (ECF No. 9, PageID.29, 31.) Further, he states:

> The Plaintiff Herein DID serve the Plaintiffs almost immediately the day after filing of the Action and accordingly is not in breach of McRae v. White, 269 App. 455, 604 S.E.2d 291 (2004) – not the FRCP related to service of Process such as: FRCP 4(a)(1) and 4(c)(1) or FRCP 4(a)(1) – We both Mailed the Main Action as well as the EMAILS to ALL parties and as the electronic signatures are accepted email is also and an additional proof of service to the defendants who chose to Ignore this Honorable court and this Pro Se Plaintiff, if Plaintiff had counsel, most likely the Defendants would have answered but have Abused the Pro Status of the Plaintiff and disregarded this Honorable Court Completely.

(ECF No. 9, PageID.30-31.)[1]  Plaintiff also requests summary judgment and default judgment against Defendants. (ECF No. 9, PageID.27, 29, 31.)

---

[1] The case Plaintiff cites is an opinion from the Georgia Court of Appeals and, thus, inapplicable here.

## C.    Discussion

Assuming Plaintiff's motion to quash (ECF No. 9) may be considered a proper response to the show cause order (ECF No. 8), the Court should find that Plaintiff has failed to show cause as to why his claims against all Defendants should not be dismissed for failure to effect service in accordance with Fed. R. Civ. P. 4.

The SBA is a United States government agency, and from Plaintiff's complaint, it appears that each of the named individual Defendants are associated with the SBA, although he only supplies the official titles for two.  (ECF No. 1.)[2] Fed. R. Civ. P. 4(i) governs service of the United States and its agencies, corporations, officers, and employees.

_____

[2] Specifically, in the caption of the complaint, Plaintiff states that Defendants are "[a]ll connected to [the] SBA LOAN" at issue.  (ECF No. 1, PageID.1.)  However, I note that he also states, in his allegations of wrongdoing with regard to that loan:

> The plaintiff(s), trying to be cooperative, sent in dozens of documents and sets of information to the SBA Processing center in Fort Worth Texas who handle the processing of Applications and loans for the SBA, many of whom are contract employees hired as part of a group of some 1,200 loan processors several months ago.  Many of these loan processors work from home and are not Federal Officials but rather contracted Civilians tasked with the processing of SBA Economic Disaster Relief Loans.

(ECF No. 1, PageID.3-4.)

Under Rule 4(i), to serve a U.S. agency or officer/employee sued in his or her official capacity only, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).  And to serve a U.S. officer or employee sued in an individual capacity, "a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3).  A party effectively serves the United States, where the action does not challenge the order of a nonparty agency or officer, by: (1) delivering a copy of the summons and complaint to the U.S. attorney or designee for the district where the action is brought, or sending a copy of each by registered or certified mail to the civil-process clerk at the U.S. attorney's office; and (2) sending a copy of each by registered or certified mail to the U.S. Attorney General at Washington, D.C.  Fed. R. Civ. P. 4(i)(1).  Further, in accordance with Rule 4(e), applicable to the instant circumstances, an individual may be served by: (1) following state law for serving a summons; (2) delivering a copy of the summons and complaint to the individual personally; (3) leaving a copy of each at the individual's dwelling or abode with someone of suitable age who resides there; or (4) delivering a copy of each to an agent authorized by appointment or law to receive service of process.  Fed. R. Civ. P. 4(e)(1) and (2).  Neither the federal procedures nor the Michigan state law for serving a summons, MCR 2.105,

5

provide for service of process by e-mail or regular, non-certified/non-registered U.S. Mail.

Plaintiff provides no indication, in his motion to quash, that he satisfied Rules 4(i)(1)-(3) by serving the United States. Again, he states only that he mailed and e-mailed the action to all parties. (ECF No. 9, PageID.29-31.) Moreover, to the extent, if any, the individual Defendants are not SBA employees, and even assuming that mailing and/or e-mailing the summons and complaint to the Defendants amounts to proper service under Rule 4 (which it does not), Plaintiff provides no proof of such service. The only certificate of service attached to his motion is one for service of the motion itself. (ECF No. 9, PageID.33.) And, under the heading "EXHIBIT OF ELECTRONIC SERVICE OF PROCESS," Plaintiff simply lists e-mail addresses for some, but not all of the individual Defendants. (ECF No. 9, PageID.31.)[3]

Accordingly, Plaintiff having been ordered to show cause, having failed to show cause, and, further, having failed to comply with Fed. R. Civ. P. 4, the Court should dismiss Plaintiff's claims against Defendants without prejudice. Fed. R. Civ. P. 4(m). For these same reasons, Plaintiff's motion to quash (ECF No. 9), which seeks to quash a non-existent motion and grant him summary judgment and

---

[3] It bears noting that the e-mail addresses listed are @sba.gov.

a default judgment on unserved defendants who have not had a proper opportunity to answer either the complaint or Plaintiff's motion, should be **DENIED**.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 23, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE